JAP:NR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

ALEXANDER LOPEZ ALVARADO,

             Defendant.

- - - - - - - - - - - - - - -X

C O M P L A I N T

(21 U.S.C. §§ 841)

12 M 438

EASTERN DISTRICT OF NEW YORK, SS:

      ALFREDO GONZALEZ, being duly sworn, deposes and states that he is a Special Agent with the Drug Enforcement Administration ("DEA"), duly appointed according to law and acting as such.

      Upon information and belief, on or about May 2, 2012, within the Eastern District of New York, the defendant ALEXANDER LOPEZ ALVARADO, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved 50 or more grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

      (Title 21, United States Code, Sections 841)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Special Agent with the DEA for approximately 16 years. My information in this case comes from a review of DEA records and my direct participation in the investigation.

2. As further detailed below, on or about May 2, 2012, I was acting in an undercover capacity and met with the defendant ALEXANDER LOPEZ ALVARADO for the purpose of purchasing methamphetamine from him. This investigation stemmed from information provided by a proven reliable source of information.

3. Through a series of phone calls, some of which were consensually recorded, the defendant agreed to sell one pound of methamphetamine for $15,000. The sale was initially scheduled to take place in Queens, New York, on or about April 26, 2012, but was ultimately rescheduled to take place on or about May 2, 2012.

4. Shortly after 5:00 p.m. on May 2, 2012, your deponent, acting in an undercover capacity and outfitted with a recording device, met with the defendant in the parking lot of a Home Depot in Queens.

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

5. Upon my arrival, I spoke with the defendant, who indicated, in sum and substance and in part, that he could provide me with methamphetamine on a regular basis, possibly at a lower price. He then directed me to enter his vehicle while he remained seated in another car parked alongside.

6. While I was seated in the defendant's vehicle, he directed me to look inside a canister of potato chips located on the floor of the vehicle. Upon doing so, I discovered two clear plastic bags filled with an opaque crystalline substance.

7. I exited the vehicle and subsequently spoke to the defendant again. He inquired, in sum and substance and in part, as to whether the methamphetamine was suitable and whether I preferred to receive the drugs in crystalline or powder form.

8. At that point, at approximately 5:20 p.m., the defendant was arrested.

9. Subsequent to his arrest, the defendant was read his <u>Miranda</u> rights. He admitted, in sum and substance and in part, that he had transported the methamphetamine to the parking lot of the Home Depot in Queens and intended to sell the methamphetamine for $15,000.

10. The substance obtained from the defendant's car was subsequently field tested and tested positive for the presence of methamphetamine.

WHEREFORE, your deponent respectfully requests that the defendant ALEXANDER LOPEZ ALVARADO be dealt with according to law.

_____
ALFREDO GONZALEZ
Special Agent,
Drug Enforcement Administration

Sworn to before me this
3rd Day of May, 2012

_____
ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK